## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jason E. Ralston (S-06627), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  17 C 50161 |
| | ) | |
| Bruce Rauner, et al., | ) | Hon. Iain D. Johnston |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On June 8, 2021, Magistrate Judge Jensen directed the parties—including Defendants' counsel—to consult this Court's standing order for filing summary judgment motions.  Dkt. 187. Defense counsel either did not read the standing order or did so and ignored it.  The Court's standing order on summary judgment motions states, "[S]ummary judgment motions are often filed unnecessarily, without real forethought."  The standing order goes on to note, "A careful examination of the record after discovery has closed may reveal contested factual issues making the granting of the motion impossible."  And of particular relevance in this case, the standing order warns, "Moreover, by their very nature, some actions do not lend themselves to Rule 56's procedure.  Claims of excessive force are a prime example of actions that are far less likely to result in summary judgment."  Had Defendants' counsel consulted the standing order as required by Magistrate Judge Jensen, counsel would have immediately known that it was unreasonable to file a motion for summary judgment on Plaintiff's excessive force claim.  But here we are.  Its one thing if counsel want to waste time filing doomed motions.  But its another thing to make the Court waste time reviewing them.  Counsel are warned not to engage in this type of litigation tactic in the future.

In this *pro se* civil rights lawsuit under 42 U.S.C. § 1983, Plaintiff Jason Ralston alleges that Defendants Joseph Steffes and Joshua Shippert used excessive force when they restrained him on August 12, 2015. Plaintiff further alleges that Defendants Ginger Davis and Ganges Bell were deliberately indifferent to his resulting medical needs when they interfered with his medical treatment. For the following reasons, Defendants' motion for summary judgment (Dkt. 208) is granted in part and denied in part.

## I.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). A party seeking summary judgment bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door Cty Sch. Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). When deciding a motion for summary judgment, the court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

This court's Local Rule 56.1 governs the procedures for filing and responding to motions for summary judgment. The Rule requires the moving party to provide "a statement of material facts" as to which the moving party contends there is no genuine issue for trial. LR 56.1(a); FED. R. CIV. P. 56(c)(1). If a party fails to respond to the Rule 56.1 statement of uncontested facts, those facts are deemed admitted to the extent they are supported by the evidence in the record. *Keeton*

*v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010); LR 56.1(e)(3).

A plaintiff's *pro se* status does not excuse him from complying with federal and local procedural rules, but failure to comply with Local Rule 56.1 does not "automatically result in judgment for the movant." *Keeton*, 667 F.3d at 884. Instead, "[the movant] must still demonstrate that it is entitled to judgment as a matter of law." *Id.* In this case, Defendants filed a Rule 56.1 statement of material fact (Dkt. 209) with their motion for summary judgment (Dkt. 208) and served Plaintiff, a *pro se* litigant with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" (Dkt. 211) that explained the procedure and the consequences of failing to properly respond to a motion for summary judgment and statement of material facts. Because Defendants' motion is unopposed, the factual assertions in their Local Rule 56.1(a)(2) statement are deemed admitted for purposes of summary judgment to the extent that they are supported by the record. *See* LR 56.1(e)(3). The Court must still consider if Defendants have "show[n] that summary judgment was proper given the undisputed facts" as Plaintiff's failure to respond does not automatically result in judgment in Defendants' favor. *See Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

## II.    Undisputed Relevant Facts

Plaintiff has been incarcerated at the Illinois Department of Corrections since 2007 serving a twenty-four-year sentence for aggravated arson. (DSOF, Dkt. 209, ¶ 1.) He currently resides at the Joliet Treatment Center. (*Id.*) Defendants Joshua Shippert and Jeffrey Steffes were correctional officers working at Dixon Correctional Center on August 12, 2015. (*Id.* at ¶ 2.) On August 12, 2015, Plaintiff was incarcerated at Dixon Correctional Center. (*Id.* at ¶ 3.) That same day, Plaintiff attended a medical appointment that was eventually terminated after Plaintiff became angry and

yelled at the nurse. (*Id*.) Plaintiff was escorted out of the medical office by Officer Shippert. (*Id*. at ¶ 5.) What ensued was a disputed recollection of events. In Plaintiff's deposition, he alleges that Defendants Shippert and Steffes slammed his head into the ground. (Dkt. 209, Ex. 5, pg. 11.) Defendants maintain that no force was used, and that, instead, Plaintiff tripped and hit his head on the ground, following the incident, Plaintiff was immediately seen by medical professionals. (DSOF, Dkt. 209, ¶ 7.) That dispute of material fact is dispositive for the motion's attempt to terminate the excessive force claim. Indeed, knowing the substance of Plaintiff's sworn deposition testimony, no reasonable attorney would have filed for summary judgment on this claim.

During the first medical exam, Plaintiff received four stitches, was prescribed Tylenol, and monitored every two hours. (*See* Ex. D.) Plaintiff continued to be seen regularly by medical staff from August through November totaling eight medical visits. (*Id.*) During one of those visits, the doctor stated that Plaintiff needs a CT scan but, according to Plaintiff, Defendant Bell shook his head "no." (Dkt. 7, pg. 17.) However, Plaintiff went to Katherine Shaw Bethea Hospital on November 2, 2015, for a CT scan. (*Id*. at ¶ 11.) Plaintiff's CT scan showed no significant injury (*Id*. at ¶ 12.) The CT scan also indicated no evidence of hemorrhaging or skull fracture. (*See* Ex. D.) Ganges Bell did not work at Dixon Correctional Center on August 12, 2015. (*Id*. at ¶ 13.) Defendant Ginger Davis is a registered nurse and was the Director of Nursing at Dixon Correctional Center from April 29, 2014, until September 1, 2017. (*Id*. at ¶ 14.) Defendant Davis was not in charge of ordering or approving CT scans. (*Id*. at ¶ 15.)

## III.    Analysis

Given these facts, Defendants move for summary judgment arguing that Plaintiff's claims of excessive force and the subsequent denial of necessary medical care are not supported by the

4

record. Again, they did so knowing full well that there was a genuine issue of material fact that prevents this Court from granting summary judgment on the excessive force claim.

### A.     Questions of Fact Remain as to Whether Defendants Used Excessive Force

The Court first addresses Defendants' arguments that the record establishes no genuine dispute of material fact relating to Plaintiff's allegation of excessive force. The Seventh Circuit has cautioned that "summary judgment is often inappropriate in excessive-force cases because the evidence surrounding the officer's use of force is often susceptible of different interpretations." *Cyrus v. Town of Mukwonago*, 624 F.3d 856, 861 (7th Cir. 2010). "[T]he use of excessive physical force against a prisoner may constitute cruel and unusual punishment." *Wilkins v. Gaddy*, 559 U.S. 34, 34 (2010), quoting *Hudson v. McMillian*, 503 U.S. 1, 4 (1992). "[T]he core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7; *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (a correctional officer may not apply force "maliciously and sadistically to cause harm").

Here, Defendants' primary exhibits seeking to support their argument are affidavits from the involved correctional officers and medical personnel purporting to establish that no force was applied – Plaintiff merely slipped and hit his head on the ground. However, Plaintiff's sworn deposition testimony contradicts this version of events. Nevertheless, the undisputed evidence is clear that the incident resulted in Plaintiff needing to get several stitches on his head and further medical treatment. Because questions of fact remain as to the use of force claim in this case, the motion for summary judgment is denied as to that claim.

### B.     No evidence has been presented to establish Defendants Bell and Davis interfered with Plaintiff's medical treatment.

Next, Defendants contend that they are entitled to summary judgment because there is no evidence from which a jury could conclude that Defendants Bell and Davis disregarded Plaintiff's medical needs. (*See* Dkt. 210.)

"Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *see also McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013). Prison official may exhibit deliberate indifference to a known condition by delaying necessary treatment and thus aggravating the condition, *Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012), or by persisting with inappropriate treatment, *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011). Deliberate indifference to a serious medical need means that a prison official knew that a prisoner faced an excessive risk to his health then disregarded that risk by failing to take reasonable measures to address it. *Greeno,* 414 F.3d at 653 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Deliberate indifference is intentional or criminally reckless conduct rather than merely negligent conduct. *McGee*, 721 F.3d at 480-81.

The record in this case contains no evidence from which a jury could infer that Defendants Bell and Davis' interfered with Plaintiff's treatment or prevented Plaintiff from receiving a CT scan such that would constitute deliberate indifference. The same day of the incident, Plaintiff was thoroughly examined, received four stitches, prescribed Tylenol, and was monitored every two hours due to his concussed state. Further, Plaintiff was seen by medical personnel eight times over the span of following three months including reviewing a CT scan taken at Katherine Shaw Bethea Hospital showing no evidence of fracture or hemorrhage. *See Kyles v. Williams*, 679 F. App'x 497, 499-500 (7th Cir. 2017) (prison medical professionals were entitled to summary judgment because

a series of appointments and reasonable medical attention for prisoner's knee issues demonstrated that providers did not consciously disregard a serious risk of harm); *Wilson v. Adams,* 901 F.3d 816, 821–22 (7th Cir. 2018) (affirming grant of summary judgment on claim of deliberate indifference where "totality" of care showed proper attention to inmate's pain). Plaintiff presents no evidence to support his contention that prison officials failed to take reasonable measures to address Plaintiff's injury. *See Greeno,* 414 F.3d at 653. Lastly, the undisputed facts show that, irrespective of what Defendant Bell allegedly said to Plaintiff or the medical team regarding his need for medical attention, Plaintiff was treated at the medical unit and received a CT scan and no evidence has been presented to the contrary. Consequently, Defendants are entitled to summary judgment in their favor as to the claim of deliberate indifference.

### C. Qualified Immunity

Lastly, Defendants contend that qualified immunity protects Defendants from liability. "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Taylor v. Barkes*, 575 U.S. 822, 825 (2015) (internal quotation marks omitted). When evaluating whether qualified immunity applies, the court must ask "two questions: (1) whether the facts, taken in the light most favorable to the plaintiff, make out a violation of a constitutional right, and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Allin v. City of Springfield*, 845 F.3d 858, 862 (7th Cir. 2017).

As explained previously, the facts taken in the light most favorable to Plaintiff's claim of excessive force make out a violation of his constitutional rights in that the force used against him when Defendants slammed his head into the ground was not applied in a good-faith effort to maintain or restore discipline. *Hudson*, 503 U.S. at 7. Thus, Defendants are not entitled to qualified

immunity as to the excessive force claim. As to Defendants qualified immunity claims regarding deliberate indifference to his medical needs, the Court need not address this argument because there is no evidence Defendants' conduct was constitutionally deficient.

## **CONCLUSION**

For these reasons, the Court grants Defendants' motion for summary judgment [208] as to Plaintiff's claim that Defendants Davis and Bell displayed deliberate indifference to his medical needs. The motion [208] is denied as to Plaintiff's claims of excessive force. This matter is referred to Magistrate Judge Jensen to discuss settlement or the filing of a final pretrial order with the parties.

ENTER:

Dated:  August 26, 2022

_____
Iain D. Johnston
United States District Judge

8